UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CHRIS ICHIRO JOHNSON,

Plaintiff,

v.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

Defendant.

_____

Case No. 6:15-cv-01549-AA

OPINION AND ORDER

Tim Wilborn
Wilborn Law Office, P.C.
P.O Box 370578
Las Vegas, NV 89137
    Attorney for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Hebert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 - OPINION AND ORDER

Martha A. Boden
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
Attorneys for Defendant

AIKEN, Judge:

Plaintiff filed suit pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's denial of his application for disability insurance benefits (DIB). Plaintiff argues that the case should be remanded for an award of benefits, or, alternatively, for further administrative proceedings. After review of the briefing and record, the decision of the Commissioner is reversed and remanded for the calculation of benefits.

## BACKGROUND

On October 15, 2013, plaintiff filed an application for DIB, alleging disability as of August 29, 2009. Tr. 20. His application was denied initially and on reconsideration. On March 19, 2015, plaintiff and a vocational expert (VE) appeared and testified before an Administrative Law Judge (ALJ). Tr. 44-76. On April 9, 2015, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 17-43. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner. Tr. 1-6. Plaintiff now seeks judicial review.

Born in 1968, plaintiff was forty-one years old as of his alleged disability onset date, with a high school education and past relevant work as truck driver and military infantryman. Tr. 33. He alleges disability since August 2009, due to post-traumatic stress disorder (PTSD), depression, and lumbar spine impairments. Tr. 25, 50, 55.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## COMMISSIONER'S DECISION

The Commissioner evaluated plaintiff's allegation of disability pursuant to the required five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)-(g).

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of disability. Tr. 22; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ found that plaintiff had severe impairments of degenerative disc disease, sleep apnea, pes planus, PTSD, and a history of right shoulder injury, but that plaintiff's impairments did not meet or equal the severity of a listed impairment which is considered "severe enough to prevent an individual from doing any gainful activity." Tr. 22-23; 20 C.F.R. § 404.1525(a); *id.* § 404.1520(c),(d).

The ALJ then assessed plaintiff's residual functional capacity (RFC) and found that plaintiff could perform sedentary work, with limitations on his ability to climb, stoop, kneel, crouch, crawl, balance, and reach with his right upper extremity. Tr. 23; 20 C.F.R. § 404.1520(e). The ALJ's RFC assessment also limited plaintiff to "simple, repetitive, routine tasks requiring no more than occasional interaction with supervisors and coworkers" and no "exposure to the general public." Tr. 23. Based on these findings, at step four, the ALJ found that plaintiff could not perform his past relevant work. Tr. 33; 20 C.F.R. § 404.1520(f).

The ALJ proceeded to step five, where the burden of proof shifts to the Commissioner to demonstrate that the claimant is able to perform work that exists in the national economy, after taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Relying on the testimony of the VE, the ALJ found that plaintiff could perform other work as an optical assembler, eyeglass polisher, and weight tester. Tr. 34. Accordingly, the ALJ found plaintiff not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by: 1) failing to give adequate weight to the disability rating assessed by the Department of Veterans' Affairs (VA); 2) rejecting the opinions of two examining psychologists; 3) finding plaintiff not credible; 4) improperly rejecting lay witness statements; and 5) failing to find plaintiff's impairments met or equaled listings 12.04 or 12.06.

Effective March 2012, the VA assessed a disability rating for plaintiff of 90% and found him unemployable. Tr. 308-12. In February 2015, plaintiff's 90% disability rating was confirmed. Tr. 484-85. An ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir. 2002). However, an ALJ may

4 - OPINION AND ORDER

"give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* Here, the ALJ rejected the VA rating in its entirety, stating:

> In this instance, the record including the medical evidence and the claimant's testimony and other statements shows that the VA determination that he has a 90% disability is overstated, and its utility in determining disability for Social Security purposes is limited. No specific limitations are given. The VA determination does not take into account findings by its own personnel, such as Mr. Nix, or Dr. Alvord, that indicate that the claimant is far from being incapacitated. The claimant's history of treatment for PTSD, or the clinical findings regarding his back disorder indicate substantial but not debilitating symptoms. The claimant's work attempts, indicating that the claimant himself did not feel that he was disabled, as well as his activities of daily life indicate an ability to perform a reduced range of sedentary work. Therefore while the undersigned has considered the VA opinion as required under SSR 06-3p, that opinion can be given no weight for the reasons noted above.

Tr. 33. These reasons are neither valid nor supported by the record.

The ALJ first noted that the VA rating does not include "specific limitations." However, the VA disability rating described limitations arising from plaintiff's mental impairment of PTSD, Tr. 345-47, as further reflected by the VA medical records cited in the decision. For example, on January 12, 2012, psychologist Karen Jones administered psychological testing and opined that plaintiff displayed a depressed mood, anxiety, mild memory loss, impaired judgment and impulse control, difficulty establishing and maintaining effective work and social relationships, difficulty adapting to stressful circumstances such as a work environment, and obsessive thoughts about the welfare of his children. Tr. 535-36. Dr. Jones also remarked that testing results suggested "cognitive confusion and perceptual distortions which further impair social judgment." Tr. 537. According to Dr. Jones, the personality test scores indicated significant anxiety and anxiety-related disorders, depression, paranoia, confused thinking, and

5 - OPINION AND ORDER

borderline traits, suggesting that plaintiff experienced "significant thinking and concentration problems in additional to feelings of distress and dysphoria." Tr. 537.

Similarly, on May 14, 2012, psychologist James Bailey noted that plaintiff's symptoms included a depressed mood, suspiciousness, a chronic sleep impairment, mild memory loss, flattened affect, disturbances of motivation and mood, difficulty establishing and maintaining effective work and social relationships, suicidal ideation, and impaired impulse control. Tr. 921. Dr. Bailey opined that plaintiff's "chronic" PTSD caused "occupational and social impairment with deficiencies in most areas such as work, school, family relations, judgment, thinking, and/or mood," and that plaintiff's pain medications and dissociative episodes from PTSD likely contributed to his cognitive issues. Tr. 916, 919. Dr. Bailey opined that plaintiff could not perform even sedentary work because of his mental health symptoms and the potential for physical confrontation. Tr. 919.

The ALJ did not discuss this evidence supporting the VA disability rating. Instead, the ALJ cited only the reports of Roy Nix, a physician's assistant, and Scott Alvord, an examining psychologist, in finding that the VA rating was "overstated" and that plaintiff was "far from being incapacitated." Tr. 33; *see also* Tr. 29. Aside from the fact that a claimant need not be "incapacitated" to establish eligibility for benefits, *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), neither report constitutes a valid reason to disregard the VA disability rating.

Although ALJ found Mr. Nix's report to be inconsistent with the VA disability rating, Mr. Nix assessed only physical limitations, and he did not evaluate plaintiff's mental impairments. Tr. 541-54. The VA disability rating indicates that plaintiff's most disabling impairment, at 70%, is his mental impairment of PTSD. Tr. 308. Thus, while Mr. Nix's report

may support the ALJ's finding that plaintiff's physical limitations do not preclude a limited range of sedentary work, Mr. Nix's report does not support the ALJ's decision to completely disregard the VA disability rating regarding plaintiff's mental impairments or the combined effect of his impairments.

With respect to Dr. Alvord, he evaluated plaintiff only for the narrow purpose of assessing whether plaintiff was eligible for caregiver support. Tr. 2187. Dr. Alvord found no "evidence of psychiatric/neurocognitive limitations so severe as to necessitate caregiver assistance," because plaintiff could "manage" and did not need assistance with basic activities of personal care. Tr. 2192-93. Significantly, Dr. Alvord did not evaluate plaintiff's mental limitations for the purpose of assessing disability, and he did not address plaintiff's ability to function in a competitive work environment. Tr. 2187-92. In fact, plaintiff's impairments had been deemed disabling by the VA at the time Dr. Alvord evaluated plaintiff for caregiver assistance. Tr. 2187. Moreover, Dr. Alvord noted that plaintiff presented with symptoms of chronic PTSD and depression, and that he continued to experience social isolation, anger and irritability, and low motivation. Tr. 2192. Dr. Alvord also noted that plaintiff no longer cared for his children without his wife present. Tr. 2191. Accordingly, Dr. Alvord's report does not support the ALJ's complete disregard of the VA disability rating.

The ALJ also cited plaintiff's attempt to resume working after his military service and his daily activities as reasons to ignore the VA disability rating. Tr. 33. Notably, plaintiff's work attempt occurred in 2009, immediately after he returned from military service in Iraq. Tr. 24, 54-55. Regardless, the fact that plaintiff sought work in 2009 does not necessarily mean that he was able to perform full-time work activities since that time. Further, plaintiff's daily activities of

occasional hunting and providing some care for his children are not inconsistent with his allegations of depression, anger, forgetfulness, anxiety, and distress arising from his chronic PTSD. *See Vertigan*, 260 F.3d at 1050 (holding that "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract" from allegations pertaining to "overall disability").

In sum, the reasons cited by the ALJ are not "persuasive, specific, and valid" to reject the VA disability rating decision in its entirety. *See McCartey,* 298 F.3d at 1076.

Aside from the VA disability rating, plaintiff also argues that the ALJ erred by failing to consider the opinions of Drs. Bailey and Jones. As noted above, Dr. Jones examined plaintiff and administered personality assessment testing. Tr. 523-41. Dr. Jones diagnosed chronic PTSD and indicated that plaintiff had "occupational and social impairment with reduced reliability and productivity." Tr. 527. Dr. Jones further opined that plaintiff displayed mild memory loss, impaired judgment and impulse control, difficulty adapting to stressful circumstances such as a work environment, and difficulty establishing and maintaining effective work and social relationships. Tr. 536. Dr. Jones also noted that plaintiff's personality scores suggested significant anxiety, depression, paranoia, confused thinking, and borderline traits, suggesting that plaintiff experienced significant thinking and concentration problems. Tr. 537.

Dr. Bailey likewise opined that plaintiff had deficiencies in "most" areas of social and occupational functioning "such as work, school, family relations, judgment, thinking, and/or mood." Tr. 916. Dr. Bailey further believed that plaintiff's prescription medications and dissociative experiences related to PTSD were likely contributing to his cognitive issues. Tr. 919. Ultimately, Dr. Bailey opined that plaintiff was unable to perform even sedentary work because

of his mental health symptoms and his "tendency to become irritated very easily to the point of physical confrontation." Tr. 919.

The ALJ summarized some of the test results in his decision but did not address or discuss the limitations noted by Dr. Jones and gave no explanation for failing to do so. Tr. 24-25. Instead, the ALJ proffered his own interpretation of the results. The ALJ recognized that the "MMC-II personality test" conducted by Dr. Jones "indicated significant schizoid, avoidant, aggressive, and passive aggressive clinical personality pattern scores." Tr. 24-25. The ALJ dismissed these test results and plaintiff's testimony that they were attributable in part to PTSD, remarking, "these are personality traits, and they would be expected to have been present throughout the claimant's life and while he was working." Tr. 25. Aside from Dr. Jones's report, the ALJ cited no medical evidence to support this rather significant pronouncement. However, Dr. Jones's report does not suggest that these traits were present throughout plaintiff's life rather than precipitated or worsened by his military service-related PTSD. In making these findings, the ALJ improperly substituted his own interpretation of the medical evidence for the opinion of a medical professional. *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999); *Jackson v. Comm'r Soc. Sec. Admin.*, 2016 WL 1670963, at *4 (D. Or. Apr. 26, 2016).

Similarly, the ALJ did not mention Dr. Bailey's opinion and gave no reasons for rejecting it. Tr. 17-35; *see Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (the ALJ must provide either "clear and convincing" or "specific and legitimate" reasons to reject the opinion of a treating or examining physician). In response to plaintiff's argument, the Commissioner provides several reasons to support the ALJ's rejection of Dr. Bailey's opinion. Def.'s Br. 9-10. However, I decline to rely on the Commissioner's post hoc rationalization to affirm the ALJ's decision in

9 - OPINION AND ORDER

these circumstances; it is the role of the ALJ, not this court, to make factual findings. *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (the court is "constrained to review the reasons the ALJ asserts"). Therefore, I find that the ALJ failed to provide specific and legitimate reasons to discount the opinions of Drs. Bailey and Jones.

I need not address plaintiff's remaining arguments, as these errors warrant remand for payment of benefits. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (the court may "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing").

Plaintiff has a VA disability rating of 90%, which is supported by VA medical records including evidence of continuing and residential treatment for plaintiff's chronic PTSD. *E.g.,* Tr. 1100-89, 1381-86, 1985-89. Further, Drs. Bailey and Jones found that plaintiff's has substantial mental impairments resulting in occupational and social deficiencies and diminished concentration, and Dr. Bailey opined that plaintiff's PTSD impairments and the potential for physical confrontation would preclude even sedentary work. Notably, the vocational expert testified that a typical employer would not retain a worker who would be off task for more than 15% of the work day and would not tolerate even one angry outburst. Tr. 75. Thus, affording great weight to the VA disability rating and considering the opinions of Drs. Bailey and Jones, I find that disability is established. *McCartey*, 298 F.3d at 1077 ("In this case, the VA's disability finding was supported by several hundred pages of medical records. The record is fully

developed and, giving great weight to the VA disability rating, a finding of disability is clearly required.").

The Commissioner maintains that outstanding issues remain and that the case should be remanded for further proceedings. The Commissioner asserts that plaintiff's "allegations of worsening and/or ineffectively treated psychological symptoms were contrary to his treatment records." Def.'s Br. at 22. However, the Commissioner's argument is belied by the fact that plaintiff ultimately entered residential treatment for PTSD in 2013, four years after his alleged onset date, and continued to experience difficulties. Tr. 1100-89, 1371, 1381-86, 1960, 2053-2121, 2179-81. Further, several pages of the record cited by the Commissioner do not support this assertion. *E.g.,* Tr. 1002 (noting that plaintiff continued to experience "mood swings and anger, and tendency to road rage" and "paranoid ideation of being watched or followed"), 1204 (noting road rage, irritability, intrusive thoughts, and social isolation), Tr. 1386 (noting that plaintiff was "stable" but with "chronic symptoms and dysfunction").

The Commissioner also emphasizes that state agency psychological consultants concluded that plaintiff is able to perform simple, routine work, and that remand for further proceedings is necessary to resolve this conflict in the record. However, I do not find that the opinions of non-examining psychologists warrant remand for further proceedings in light of the VA disability rating and the record as a whole, particularly when their opinions discussed very little of the record and failed to address plaintiff's psychological testing results. Tr. 98-99, 115-17, 132-34, 148-49; *see also Lester*, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.").

Thus, remand for further proceedings "would serve no useful purpose" and only delay the award of benefits. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for the calculation of benefits.

IT IS SO ORDERED.

DATED this $\underline{\text{8}}$ day of September, 2016.

Ann Aiken
United States District Judge